**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-60025

_____

JOHN HARDY,

Plaintiff-Appellant,

versus

SIMPSON COUNTY SCHOOL DISTRICT, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(97-CV-325)
_____

February 7, 2000

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

Per Curiam*

In this race discrimination case, Plaintiff-Appellant John Hardy appeals the district court's directed verdict in favor of Defendant-Appellee Simpson County School District ("the school district") at the close of Hardy's case-in-chief. Hardy asserts that, in his application for employment as a high school principal, (1) he was discriminated against because of his race, in violation of 42 U.S.C. § 1981 and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 <u>et</u> <u>seq.</u>, and (2) he was deprived without

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due process of law of his property interest in a fair hiring process, in violation of 42 U.S.C. § 1983. With respect to Hardy's race discrimination claim, the district court ruled that Hardy failed to demonstrate that the race-neutral non-discriminatory reasons proffered by the school district in support of its hiring decision were pretextual in nature. With respect to Hardy's due process claim, the district court ruled that Hardy failed to show that the school district's actions were motivated by racial animus. Hardy contests both of these rulings on appeal.

Hardy did not meet his burden of proof with respect to his race discrimination claim at trial. Once the school district came forward with race-neutral non-discriminatory reasons supporting its hiring decision, the burden shifted to Hardy to demonstrate that those reasons were mere pretexts and that the real reason that he was not hired was his race. The only evidence of pretext that Hardy offered at trial was that the school district expressed its non-discriminatory reasons for hiring another applicant not only in prose but also in the form of an objective scoring calculation. We agree with the district court that the school district's use of an objective scoring calculation did not in any way taint its proffered reasons or serve as an indication that the reasons were pretextual in nature.

With respect to his due process claim, Hardy correctly points out that the district court erred in requiring him to make a showing that the school district's actions were motivated by racial

animus. This was, however, harmless error. To make out a successful due process claim, Hardy was required to demonstrate that the school district's actions were "so arbitrary and capricious as to be irrational."[1] The district court explicitly found that the school district "offered a rational explanation" for its choice of another applicant over Hardy. We agree.

In light of the foregoing, and for essentially the same reasons as those expressed in the thorough opinion of the district court, the judgment below must be

AFFIRMED.

---

[1] <u>Harrington v. Harris</u>, 118 F.3d 359 (5th Cir. 1997).